## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2725 | **DATE** | 10/17/2012 |
| **CASE TITLE** | Love-El vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff has filed motions which request an extension of time to file his response to Defendants' motion to dismiss [24] and for appointment of counsel [25]. The motion for extension of time [24] is granted; Plaintiff's response brief is now due on 11/15/2012; Defendants are given until 12/6/2012 to file their reply. Plaintiff's motion for appointment of counsel [25] is denied for the reasons stated below. Notice of motion date of 10/18/2012 is stricken and no appearances are necessary on that date.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

As an initial matter, Plaintiff seeks additional time to respond to Defendants' motion to dismiss. This is Plaintiff's first request for additional time and the amount of time sought is reasonable in the circumstances, including Plaintiff's pro se status. The motion for extension of time [24] therefore is granted; Plaintiff's response brief is now due on 11/15/2012; Defendants are given until 12/6/2012 to file their reply.

In regard to the request for appointment of counsel, as a threshold matter, it appears that Plaintiff filed a financial affidavit in state court prior to the removal of this case and that the state court judge entered an order allowing Plaintiff to proceed without payment of fees – essentially the equivalent of granting *in forma pauperis* status in federal court. Based on the Court's review of the financial affidavit, it appears that Plaintiff qualifies for IFP status in this Court as well. Accordingly, the Court will accept the state court's finding of indigency and proceed to consider whether appointment of counsel is warranted at this stage of the case.

Civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). Plaintiff has indicated that he has contacted multiple law firms, each of which presumably declined to represent Plaintiff on a *pro bono* basis. The Court also considers (1) whether, given the stage of the proceedings and the degree of difficulty of the case, the plaintiff appears competent to litigate the case himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.

**STATEMENT**

1993)). The Court should consider the capabilities of Plaintiff to litigate his own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007) (en banc).

Here, Plaintiff indicates that his highest level of education is college, and thus far he has presented intelligible pleadings. In addition, at this early stage of the case, the issues are relatively straightforward: whether Plaintiff's lawsuit is time barred and whether he states any plausible claims. It also should be noted that the Court liberally construes *pro se* pleadings and grants *pro se* litigants wide latitude in the handling of their lawsuits. In considering the criteria set forth above against the current posture of the case, the Court concludes that Plaintiff is capable of presenting responses to the issues raised in Defendants' motion without the assistance of counsel and therefore denies Plaintiff's motion for appointment of counsel [25] without prejudice. The Court may reconsider the appointment of counsel issue at a later stage of the case if it appears that changed circumstances (*e.g.,* complicated discovery or motion practice, trial) would warrant recruiting counsel to assist Plaintiff. In the meantime, the Court advises Plaintiff that the Pro Se Assistance Program in the Clerk's Office may be a useful resource.